PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2005 Toyota Seneca van struck a hole while he was traveling on Route 31 between Meadow Bridge and Danese in Fayette County. Route 31 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred between 12:00 p.m. and 1:00 p.m. on July 2, 2007, a clear day. Route 31 is a paved two-lane road with a speed limit of approximately fifty-five miles per hour. While the claimant was proceeding up Pity Me Mountain on Route 31 from Meadow Bridge to Danese at a speed of approximately forty-five miles an hour, he came to a sharp turn in the road and noticed a coal truck traveling towards him that was on the centerline in the road. As the claimant cautiously drove his vehicle closer to the edge of the road to avoid the oncoming truck, his vehicle struck a hole that was approximately one foot and a half wide and three or four inches deep. Since the shoulder of the road was worn and had eroded in certain parts, the claimant stated that he could not have avoided the hole by traveling on the shoulder of the road. *64 The claimant testified that he traveled on this road approximately four or five times a year. As a result of this incident, the claimant sustained damage to a rim totaling $490.43. The claimant’s insurance deductible is $500.00.
The position of the respondent is that it did not have notice of the hole in question on Route 31. The respondent did not call any witnesses.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the instant case, the evidence established that respondent, at the least, had constructive notice of the hole that claimant’s vehicle struck, and that the hole presented a hazard to the traveling public on Route 31 in Fayette County. The size of the hole and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition, and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent, and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of-fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to claimant in the amount of $490.43
Award of $490.43.